UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JASON RIGNEY, | ) | |
|     Petitioner, | ) | Civil Action No. 7:21cv479 |
| | ) | |
| v. | ) | |
| | ) | |
| BETH CABELL, | ) | By: Joel C. Hoppe |
|     Respondent. | ) | United States Magistrate Judge |

OPINION AND ORDER ON MOTION FOR LEAVE TO AMEND

Petitioner Jason Rigney, a Virginia inmate proceeding *pro se* in this action pursuant to 28 U.S.C. 2254, has filed a motion for leave to amend his petition, simultaneously with his response to the respondent's motion to dismiss, citing Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure. (ECF No. 30.) The respondent has objected to this motion, making the matter ripe for decision. For the reasons stated below, the court will grant Rigney's motion to amend, with the caveat that allowing the amendment is not a ruling that any claims added are timely or otherwise appropriate for consideration. New claims that are not based on the same core facts do not relate back to the initial filing of the petition. *Mayle v. Felix*, 545 U.S. 644, 659 (2005). The merits of new claims and any substantive or procedural defenses to those claims will be matters for the presiding district judge to resolve.

Under 28 U.S.C. § 2242, a habeas petition "may be amended or supplemented as provided in the rules of procedure applicable to civil actions." Rule 12 of the Rules Governing § 2254 Cases also notes the applicability of the Federal Rules of Civil Procedure, so long as they are not inconsistent with statutory provisions or with the rules officially adopted as the Rules Governing Section 2254 Cases. Nevertheless, federal courts are divided on whether Rule 15(a)(1)(B) authorizes an amendment as a matter of course to habeas petitioners. *Compare*

*Argraves v. United States*, No. 3:11cv1421, 2013 WL 1856527, at *2 (D. Conn. May 2, 2013) (finding that § 2254 petitions do not require a respondent to answer, unless ordered to do so by the court, and therefore, Rule 15(a)(1)(B) does not apply), *and Dupont v. Phillips*, No. 05-CV-3426, 2012 WL 2411858, at *9 n.4 (E.D.N.Y. June 26, 2012) (declining to apply Rule 15(a)(1)(B) to habeas petition), *with Spencer v. Barret*, No. 14-10823, 2015 WL 4528052, at *1 (E.D. Mich. July 27, 2015), *and Williams v. Bickle*, No. 11-7124, 2012 WL 6216248, at *20 (E.D. Pa. July 18, 2012) (permitting amendment of habeas petition under Rule 15(a)(1)(B) without discussing whether the rule applies in habeas proceedings).

Contrary to respondent's assertion in objecting to this amendment, amendment as a matter of right under Rule 15 no longer terminates when a responsive pleading is filed. With the amendments to Rule 15 in 2009, Rule 15(a)(1)(B)(2) permits an amendment of right within 21 days *after* service of the first responsive pleading or motion. In the present case, the petitioner placed his motion to amend in the institutional mail within 21 days after service of the respondent's motion to dismiss. Accordingly, the rule appears to consider this an amendment of right.

Even if a habeas litigant does not have the right to amend as a matter of course under Rule 15(a)(1)(B)(2), liberal allowance of amendments is the policy expressed in Rule 15(a)(2). Denying leave to amend may be considered an abuse of discretion, unless allowing the amendment prejudices the respondent. *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). The respondent is not prejudiced by the amendment, because defenses of timeliness and exhaustion remain, new claims do not relate back for statute of limitations purposes, and respondent may rely on any defenses to the merits of the claims, should that stage be reached. When the litigant

has a right to amend as a matter of course, denying leave to amend may be an abuse of discretion even if the amendment is futile. *Galustian v. Peter*, 591 F.3d 724, 730 (4th Cir. 2010).

For the reasons stated, leave is granted to file Rigney's previously lodged amended petition, attached to his motion to amend, and it is considered filed on the date lodged. Respondent may, but is not required to, file an answer to the amended petition within fourteen (14) days.

ENTER: March 16th, 2022

/s/ Joel C. Hoppe
United States Magistrate Judge